

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2064
Re: Are admissions charged
for theatrical performance,
sponsored by City of San
Antonio in connection with
La Villita project, subject
to the admission tax levied
by Article 7047a-19, Vernon's
Annotated Civil Statutes?

Under date of March 8, 1940, you submit for the opinion of this Department the following question and accompanying factual statement, which we quote from your letter:

"On March 1, 1940, the City of San Antonio gave a theatrical performance for which $1.00 per person admissions were collected for the purpose of raising funds for the restoration of the La Villita Project. La Villita is the name of a block of old houses that have been acquired by the City of San Antonio and are to be restored.

"The City of San Antonio through the Chief Inspector, Benjamin K. Wyatt, has asked for an exemption from the admission tax levied on the collection of admissions to such performance under Article 7047a-19.

"He contends that the project is one of an educational character and is therefore subject to the exemption provided in the Admission Tax Law. Mr. Wyatt states further that the project is solely for the improvement of San Antonio and is to be used for educational and public benefit. La Villita is city owned and no part of the earnings thereof inures to the benefit of any private stockholder or individual. The restoration is to be used as a training school teaching weaving, basket making, metal works, tile work, etc., to be run and operated by the city.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Geo. H. Sheppard, page 2

"Will you kindly advise me whether the admissions charged to this benefit performance is subject to the admission tax."

Article 7047a-19, Vernon's Annotated Civil Statutes, levies an admission tax of one cent (1¢) on each ten cents (10¢) or each fractional part thereof paid as admission to theatres, motion picture theatres, operas, plays and like amusements where the admission charge is in excess of fifty-one cents (51¢) per person.

It is therefore apparent that the admission fee of One Dollar ($1.00) per person for the theatrical performance described in your letter will bring same within the aforesaid tax levy, unless an exemption therefrom is afforded by the following portion of Article 7047a-19, Vernon's Annotated Civil Statutes:

"Every person, firm, association of persons, or corporation owning or operating any place of amusement which charges a price or fee for admission, including exhibitions in theaters, motion picture theaters, opera halls, and including horse racing, dog racing, motorcycle racing, automobile racing, and like contests and exhibitions, and including dance halls, night clubs, skating rinks, and any and all other places of amusements not prohibited by law, shall file with the State Comptroller a quarterly report on the 25th day of January, April, July, and October for the quarter ending on the last day of the preceding month; said report shall show the gross amount received and the price or fee for admission; provided, however no tax shall be levied under this Act on any admission collected for dances, moving pictures, operas, plays, and musical entertainments, all the proceeds of which inure exclusively to the benefit of State, religious, educational, or charitable institutions, societies, or organizations, - if no part of the net earnings thereof inures to the benefit of any private stockholder or individual; . . ."
(Underscoring ours)

The facts outlined in your letter bring the instant case clearly within the exemption from this admission tax, underlined next above. The moving purpose of the theatrical performance in question was in furtherance of a civic project - the conversion of a block of old houses owned by the city of

Hon. Geo. H. Sheppard, page 3

San Antonio into a training school, to be conducted by said city, for the teaching of certain useful arts and trades, such as weaving, basket making, metal work, tile work, etc.

In short, upon the facts stated by you, the proceeds from the theatrical performance given by the City of San Antonio on March 1, 1940, inured exclusively to the benefit of the above described educational project known as La Villita and not "to the benefit of any private stockholder or individual." Hence, no tax accrues thereon under Article 7047a-19, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    Pat M. Neff, Jr.
Assistant

PMN:H

APPROVEDMAR 20, 1940

ATTORNEY GENERAL OF TEXAS

